Jonathan David Leventhal (Bar No. 262910)
Law Offices of Jonathan Leventhal
21550 Oxnard Street, Fl. 3
Woodland Hills, CA 91367
Telephone: 818-347-5800
Fax: 818-936-0302
Email: law@3yl.com

Attorney for Debtors,
Travice Raffel & Charmaine Raffel

UNITED STATE BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
LOS ANGELES DIVISION

In re:

Travice Raffel & Charmaine Raffel,

Debtors

)
)
)
)
)  Case No.: 2:10-bk-53397-VK
)
)  Chapter 13
)
)  NOTICE OF MOTION AND MOTION TO
)  WITHDRAW AS COUNSEL OF
)  RECORD; MEMORANDUM OF POINTS
)  AND AUTHORITIES; AND
)  DECLARATION OF JONATHAN D.
)  LEVENTHAL

[No Hearing Required]

TO THE HONORABLE VICTORIA S. KAUFMAN, UNITED STATES BANKRUPTCY JUDGE; NANCY K. CURRY, CHAPTER 13 TRUSTEE; UNITED STATES TRUSTEE; DEBTOR, TRAVICE RAFFEL; CODEBTOR, CHARMAINE RAFFEL AND PARTIES IN INTEREST:

The Law Offices of Jonathan Leventhal ("Leventhal"), counsel of record for Debtors, Travice Raffel and Charmaine Raffel, hereby moves the court pursuant to Local Bankruptcy Rule ("LBR") 2091-1 for an order allowing Leventhal to withdraw as Debtors' counsel of record. Movant makes this motion based upon statements made by the Debtors in their sworn declarations filed with this court on 12/10/2010 and 12/22/2010.

////

////

- 1

NOTICE TO THE DEBTORS: This Motion affects your rights. You should immediately consult legal counsel with regard to your rights and the impact that the granting of this Motion may have on you, your bankruptcy case, and the assets of the bankruptcy estate.

This Motion is made pursuant to LBR 9013-1 (o), which provides for the granting of motions without a hearing.

NOTICE IS HEREBY GIVEN that, pursuant to LBR 9013-1(o), any party objecting to the accompanying Motion may file and serve a written objection and request a hearing on this Motion. If you fail to file a written response within 14 days of the date of service of this Notice, the Court may treat such failure as a waiver of your right to oppose this Motion and may grant the requested relief. If you do not oppose this Motion, you may file a written statement that the Motion will not be opposed.

Additional grounds for the Motion are set forth in the Memorandum of Points and Authorities and Declaration of Jonathan D. Leventhal attached hereto.

For the reasons set forth in this Motion, Leventhal respectfully requests the Court to allow Leventhal to withdraw as Debtors' counsel of record.

Dated: January 03, 2011                LAW OFFICES OF JONATHAN LEVENTHAL

                                       By: _____
                                           Jonathan D. Leventhal,
                                           Attorney for Debtors

- 2 -

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## BACKGROUND FACTS

The Debtors retained the services of the Law Offices of Jonathan Leventhal on September 24, 2010 for the purpose of filing a second chapter 13 case. On October 8, 2010 Leventhal filed the Debtors chapter 13 case.

On the morning of November 22, 2010 the day of the Debtors first scheduled meeting of creditors, the Co-Debtor Charmaine Raffel called the Law Offices of Jonathan Leventhal and spoke personally with Jonathan Leventhal. Based upon confidential statements made by Charmaine Raffel on the phone and statements she made in her sworn Declaration to this court on December 10, 2010; I (Jonathan D Leventhal) have been put in an ethical dilemma between my duty of confidentiality to my Client and my responsibility to the court. Exhibit "A"

On November 24, 2010 Nancy K. Curry the Chapter 13 Trustee filed a declaration that the Debtor failed to appear for examination and failed to make plan payments. [Docket 33] On November 24, 2010 an order was signed by this court dismissing the case. [Docket 34]

On December 10, 2010, the Debtor Charmaine Raffel filed with this court a sworn Declaration seeking reinstatement of her case. Exhibit "A" – [Docket 37]. On December 22, 2010 the Court vacated the dismissal. [Docket 38]

## II

## DISCUSSION

The withdrawal of counsel is governed by Local Bankruptcy Rule 2091-1(a)(1) which states "An attorney who has appeared on behalf of an entity in any matter concerning the administration of the case, in one or more proceeding, or both, may not withdraw as counsel except by leave of the court."

////

California Rule of Professional Conduct ("CRPC") 3-700 sets forth the grounds on which a professional may withdraw. CRPC 3-700 (C) (1) (d) permits counsel to withdraw if the client renders it unreasonably difficult for the member to carry out the employment effectively. CRPC 5-200 (A) states, in presenting a matter to a tribunal, a member; "Shall employ, for the purpose of maintaining the causes confided to the member such means only as are consistent with truth".

The California Court of Appeals in <u>Datig v. Dove Books, Inc.</u> said, "Honesty in dealing with the courts is of paramount importance, and misleading a Judge is, regardless of motives a serious offense". Furthermore, the court goes on to say "Counsel should not forget that they are officers of the court, and while it is their duty to protect and defend the interests of their clients, the obligation is equally imperative to aid the court in avoiding error and in determining the cause in accordance with justice and the established rules of practice." <u>Datig v. Dove Books, inc</u>, 87 Cal. Rptr. 2d 719, 730 (Cal Court of Appeals 1999)

In the instant case, Leventhal is placed in an ethical paradox between his duty to the court and his duty of confidentiality to his client. This situation arose by statements made to the court in the Debtors' sworn declaration. Exhibit "A" and conversations Jonathan D. Leventhal had with the co-debtor, Charmaine Raffel. The only option available to Leventhal is to seek to withdraw as attorney of record based upon CRPC 3-700 (C) (1) (d) and CRPC 5-200 (A).

Furthermore, the Debtors will not be harmed by the withdrawal of Leventhal because the Declaration of Charmaine Raffel dated December 9, 2010 and filed with the court December 10, 2010, state that she has hired new counsel "John M Boyko". Exhibit "A" No. 14

However, it should be noted that in Debtors' Declaration dated December 21, 2010 and filed with the court on December 22, 2010, they state "At the moment we are unable to hire new counsel to represent us in terms of vacating the 180-day bar restriction, however we will have a new counsel to represent us and immediately file Chapter 13 case and will assure to cooperate with all Chapter 13 requirements. Exhibit "B", Line 55

It should be noted that as of January 01, 2011, no Substitution of Attorney has been filed with the court.

- 4 -

On December 22, 2010, the Law Offices of Jonathan Leventhal sent the Debtors a letter informing them that Jonathan Leventhal remains the attorney of record for their case, and that they are required to make a plan payments and all mortgage payments on a timely basis and provide proof to Leventhal so that the proper declarations can be filed with the court. Exhibit "C"

## III.
## CONCLUSION

For the foregoing reasons, the Law Offices of Jonathan Leventhal respectfully requests that the Court grant Leventhal's Motion to withdraw as counsel of record.

Dated: January 03, 2011

LAW OFFICES OF JONATHAN LEVENTHAL

By: _____

Jonathan D. Leventhal,
Attorney for Debtors

## DECLARATION OF JONATHAN D. LEVENTHAL

I, Jonathan D. Leventhal, hereby declare as follows:

1. I make this Declaration based upon my own personal knowledge and if called upon to do so, I could and would testify to the matters set forth below.

2. I am the counsel of record for the Debtors, Travice Raffel and Charmaine Raffel in their Chapter 13 case.

3. I was retained by the Debtors to file their second Chapter 13 case on September 24, 2010.

4. I filed the Chapter 13 case on behalf of the Debtors on October 08, 2010.

5. On the morning of November 22, 2010, while preparing to leave for the Debtor's meeting of Creditors in the city I received a phone call from one of the Debtors, Charmaine Raffel.

6. My duty of confidentiality to my Client does not permit me to reveal what was said during the course of my conversation with the Debtor Charmaine Raffel.

7. After the Debtors case was dismissed I had several other conversations with Charmaine Raffel. However, I am again bound by my ethical responsibility not to reveal what was said.

8. On December 10, 2010, I received an electronic notice that the Debtor filed a sworn Declaration with the court. After reading the Declaration I realized that I was placed in an ethical paradox between my duty to the court and my responsibility to my Clients.

9. After discussing the situation with several senior attorneys and contacting the California Bar Ethics hotline, I came to the conclusion that my only recourse was to seeks the Courts permission to withdraw from the case.

////
////
////
////

- 6 -

I declare under penalty of perjury under the laws of the Unites States of America that the foregoing is true and correct and that this declaration was signed by me on January 03, 2011 at Woodland Hills, California.

_____

Jonathan D. Leventhal

Attorney for Debtors

# EXHIBIT "A"

EXHIBIT "A"

Charmaine Raffel
12037 Darby Avenue
Northridge CA. 91326
Tel: 310-993-6973.


FILED
DEC 10 2010
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPCTY COURT
CENTRAL DISTRICT OF CALIFORNIA

In Re:

TRAVICE RAFFEL & CHARMAINE RAFFEL,

Debtors

CASE NO. LA 2:10-bk-53397-VK

CHAPTER 13

DECLARATION OF CHARMAINE RAFFEL IN SUPPORT OF EX PARTE APPLICATION/MOTION TO VACATE THE 180 DAY BAR UNDER SECTION 109(g) FROM THE DISMISSAL ORDER ETNERED ON 11/24/2010

I, Charmaine Raffel, declare as follows:

I am a named debtor in this instant Chapter 13 proceeding. I have personal knowledge of the following facts and can testify competently thereto, as follows:

1. I reside at 12037 Darby Avenue, Northridge, California 91326 (the "Property" hereinafter).

2. I, along with my husband, Travice Raffel filed a Chapter 13 bankruptcy petition on August 26, 2009, as Case No. 1:09-bk-21181-KT. Due to an unexpected financial hardship, we could not make the plan payments and that case was dismissed by the Court on October 14, 2009, and the case was "closed" on November 13, 2009.

3. In or about the end of September 2010, I, along with my husband, Travice Raffel, retained attorney Jonathan David Leventhal, to file a second Chapter 13 bankruptcy petition.

4. That petition, in this instant Chapter 13 proceeding was filed on October 8, 2010, in order to attempt to save the Property.

5. As part of the filing of this instant petition, I and my husband filed a Chapter 13 plan, which proposed and required a monthly payment of $2,010.62 to the Chapter 13 trustee. Mr. Leventhal advised us that the first plan payment would not be due until November 8, 2010.

6. Shortly after filing this instant petition, I received a notice from the Court advising use that we would have to appear for a meeting of creditors on November 18, 2010.

7. On or about November 3, 2010, I received a notice that the meeting of creditors had been rescheduled to November 22, 2010.

8. Upon receiving the above-said notice, I contacted Mr. Leventhal to discuss the meeting. At that time, I advised Mr. Leventhal that I had been unable to make the required plan payment due to a temporary lack of funds. Mr. Leventhal then advised me that under the circumstances, that neither I, nor my husband, should appear or be present at that hearing, and he further advised me that he would not be attending that hearing as well. Mr. Leventhal further advised me that he believed that the judge might grant a one month extension to make the plan payments and that the hearing would be rescheduled if we did not got to the November 22nd hearing..

9. Believing that Mr. Leventhal knew what he was doing, neither I, nor my husband, attended the meeting of creditors held on November 22, 2010.

10. Shortly after November 24, 2010, I received the Order and Notice of dismissal from the Court, advising that my case was being dismissed and that the Court was imposing a 180 day restriction against my refilling any other bankruptcy cases.

11. Had I been informed or known the consequences of my and our failure to appear at the meeting of creditors, I would have appeared and discussed my financial

situation and answered all other questions that the trustee might have had. My only reason for not appearing was that I was following the advice of Mr. Leventhal.

12. My and my husband's financial situation has stabilized and we will be able to make all payments as proposed in the present or future Chapter 13 plan.

13. I apologize to this Court for my ignorance of bankruptcy law and/or procedures, and for my failure to appear at the meeting of creditors. It was not my intent to abuse any such laws or processes.

14. I have engaged new counsel, John M. Boyko, whom I trust to properly represent me and wish to proceed to file a proper Chapter 13 case and to cooperate with all requirements.

15. At the present time, I have been informed and believe that the Property is scheduled for foreclosure sale on December 14, 2010. I have heretofore unsuccessfully attempted to have my lender/servicer, OCWEN mortgage company, postpone that sale in order to bring a regularly scheduled motion.

16. This request is made on an "emergency" basis as insufficient time exists to bring and have a regularly scheduled motion heard prior to the scheduled sale date of the Property. Without this extraordinary relief, and the immediate ability to file a new Chapter 13 petition, the Property will be lost through foreclosure sale and I will suffer irreparable harm as a result thereof.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on December 9, 2010 at Northridge, ~~Tarzana~~, California.

*Charmaine Raffel* (signature)

Charmaine Raffel

# EXHIBIT "B"

EXHIBIT "B"

1 Travice Raffel and Charmaine Raffel
12037 Darby Ave.
2 Northridge, CA 91326
Cell 310-597-2621
3 ccw23306@csun.edu

FILED
DEC 21 2010
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
Deputy Clerk

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

In re: )
) CASE NO:
) 2.10-bk-53397-VK
)
) CHAPTER 13
)
) DEBTORS MOTION
) AND REQUEST TO
) SET VACATE THE
) 180 DAYS BAR
DEBTOR ) RESTRICTION
)
Travice Raffel: )
Charmaine Raffel ) DATE: 12/21/10
) TIME:
) PLACE:

The undersigned, named as Debtors in this case hereby request this Court for an order to vacate the 180 day bar restriction against re-filing a bankruptcy due to failure to appear at 341 meeting of creditors, and also, debitors were unable to the first scheduled trustee payments.

| | |
|---|---|
| 22 | Prior to the 341 meeting, we Travice and Charmaine Raffel contacted our attorney, Mr. |
| 23 | Leventhal to discuss the meeting. At that time, we advised Mr. Leventhal that we were |
| 24 | unable to make the required payment plan due to a temporary lack of funds. Mr. Leventhal |
| 25 | then advised me that under the given circumstances, we should NOT appear or be present |
| 26 | at that hearing, and he further advised me that he would not be attending as well. That day |
| 27 | my husband and I took a day off from work and were ready to go for the meeting. He |
| 28 | further advised me that he believed that the judge might grant us a one month extension to |
| 29 | make the planned payments and that the hearing would be rescheduled if we did not appear |
| 30 | at the November 22nd hearing. |
| 31 | Believing that Mr. Leventhal knew what he was doing, neither I, nor my husband, attended |
| 32 | the meeting of creditors held on November 22, 2010. |
| 33 | We had every intention to make the scheduled trustee bankruptcy payments on time, |
| 34 | however, due to emergency circumstances we were forced to use this money that was |
| 35 | allocated towards the trustee payments to the occurred emergency circumstances. We |
| 36 | assure and guarantee that we will continue with all the trustee payments if we are given the |
| 37 | last opportunity to save our home. |
| 38 | Currently, I have been informed that the Property is scheduled for foreclosure sale on |
| 39 | December 29, 2010. I have tried my very best to postpone the sale with my lender/servicer, |
| 40 | OCWEN Mortgage Company, however in order to bring a regularly scheduled motion, I |
| 41 | have been unsuccessful in this attempt. |
| 42 | This request is made on an "emergency" basis, as insufficient time exists to bring and have |

| | |
|---|---|
| 43 | a regularly scheduled motion heard prior to the scheduled sale date of the Property. Without |
| 44 | this extraordinary relief, and the immediate ability to file a new Chapter 13 petition, the |
| 45 | property will be lost through foreclosure sale and we will suffer irreparable harm as a result |
| 46 | thereof. |
| 47 | I declare under the penalty of perjury under the laws of the State of California that the |
| 48 | foregoing is true and correct and that this declaration was executed on December 9, 2010 at |
| 49 | Northridge, California. |
| 50 | Yours Sincerely: _____; Date: 12-21-10 |
| 51 | Yours Sincerely: Charmaine Raffel; Date: 12/21/10 |

# EXHIBIT "C"



# LAW OFFICES OF JONATHAN LEVENTHAL

December 22, 2010

Travice and Charmine Raffel
12037 Darby Avenue
Northridge, CA 91326

Re: Bankruptcy Case Number 2:10-bk-53397-VK

Dear Mr. and Mrs. Raffel:

We have received notice from the Court that your dismissal was vacated. The Court is sending you a copy also. Note your new meeting of creditors is set for February 3, 2011 at 10:00 am and the hearing on confirmation of your plan is set for August 11, 2011 at 10:00. Mr. Leventhal is your attorney of record. You are to make your **plan payments** (certified funds only cashier's check or money order) are due and MUST be received by the Trustee each month on the same day of the month that your case was filed (21st) payable to Nancy Curry, Chapter 13 Trustee and must be mailed to the Trustee's lockbox: Nancy Curry, Chapter 13 Trustee P.O. Box 1403 Memphis, TN 38101. Please reference your name and case number on each payment.

You are required to make your post petition pre-confirmation **mortgage payments** directly to the creditors. Pay by cashier's check or money order and send by certified mail, return receipt requested. You must make these payments timely following the filing of your case. Provide us with a copy of the check and verification that it was sent by certified mail, return receipt requested. You are required to sign a declaration form stating you made the payment and this declaration will be filed with the court each month until your plan is confirmed. After the plan is confirmed you must make the regular mortgage payments in accordance with the provisions of the plan.

Should you have any questions regarding the above, please don't hesitate to call.

Very truly yours,

*Dianne G. Gross*
Dianne G. Gross
Attorney at Law

21550 Oxnard Street
Third Floor
Woodland Hills, Ca. 91367

P: 818-274-3075
F: 818-936-0302
www.LawFighter.com

NOTE: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
21550 Oxnard Street 3FL Woodland Hills, CA 91367

A true and correct copy of the foregoing document described as  Notice Motion to Withdraw as Counsel of Record and Memorandum of Points and Authorities and Declaration of Jonathan D. Leventhal

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

Via U.S. Mail

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On 1/3/11 , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:
Nancy K Curry (TR) ecfnc@trustee13.com

United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On 1/3/11 , I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Honorable Judge Victoria S Kaufman
LOS ANGELES DIVISION U..S. Bankruptcy Court,
Roybal Federal Building
255 E. Temple Street Los Angeles, CA. 90012

Debtors: Travice Raffel & Charmaine raffel
11750 W. SUNSET BLVD., #301
Los Angeles, CA 90049

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 1/3/11 | Diane Gross | *signature* |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010

F 9013-3.1.PROOF.SERVICE